L. C. SMITH & BROS. TYPEWRITER COMPANY, Respondent, *v.* CREDIT LYONNAIS, Appellant.

(Argued March 15, 1934; decided December 31, 1934.)

*John C. Higgins,  Philip L. Miller* and *Hyman Zettler* for appellant. Any impossibility on the part of the defendant to pay its Moscow depositors was caused by a liquidation of the defendant's Moscow branch ordered by the duly constituted authorities, the impossibility consisting merely in the fact that, although the plaintiff could have got its deposits in cash and could have got them promptly, they might not have been paid according to the strict letter of the contract. Such a technical impossibility would not make a demand a vain and futile act and, therefore, did not excuse demand. (*Southwick* v. *First Nat. Bank,* 84 N.. Y. 420; *Heard* v. *Bowers,* 23 Pick. 455.) There is no evidence legally sufficient to justify the finding of the jury that the defendant's Moscow branch became unable to pay its depositors on December 27, 1917. (*Seeley* v. *Osborne,* 220 N. Y. 416; *Matter of Case,* 214 N. Y. 199; *Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479; *Matter of Findlay,* 253 N. Y. 1; *Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23; *Matter of Stern,* 235 App. Div. 60; 261 N. Y. 617· *Serina* v. *New York Rys. Corp.,* 238 App. Div. 302.)

*John A. Garver, Joseph M. Proskauer, Carl A. Mead, Philip A. Carroll, J. Alvin Van Bergh* and *Frank A. F. Severance* for National City Bank of New York, *amicus curiœ.* Legal impossibility, since Soviet recognition, is a complete defense to an action for breach of a contract made and performable in Russia. (*Oetjen* v. *Central Leather Co.,* 246 U. S. 297; *Russian Republic* v. *Cibrario,* 235 N. Y. 255; *Salimoff & Co.* v. *Standard Oil Co.,* 262 N. Y. 220; *Ricaud* v. *American Metal Co.,* 246 U. S. 304; *Luther* v. *Sagor,* [1921] 3 K. B. 532; *Wulfsohn* v. *Russian Republic,* 234 N. Y. 372.) Where a foreign deposit of

foreign currency is payable in foreign currency in a foreign nation on demand, and there has been no demand made prior to involuntary closing of the branch, recovery, if any, should be evaluated and interest started running as of the time after the closing when either depositor by demand (or suit in the absence of demand) or bank by notice of closing the account first expressed a desire to make effective the conversion of the foreign currency into dollars. (*Tillman* v. *Guaranty Trust Co.*, 253 N. Y. 295; *Parker* v. *Hoppe*, 257 N. Y. 333; *Richard* v. *Credit Suisse*, 242 N. Y. 346; *McCormick* v. *Hopkins*, 287 Ill. 66; *O' Keeffe* v. *City of New York*, 176 N. Y. 297; *Smith* v. *Board of Education*, 208 N. Y. 84; *Rapid T. Subway Constr. Co.* v. *City of N. Y.*, 259 N. Y. 472; *People* v. *Canal Commissioners*, 47 Pa. 76.)

*Martin Conboy, David Asch* and *William J. Butler* for respondent. There was evidence to support the verdict. (*Grussy* v. *Schneider*, 50 How. Pr. 134; *Rumpf* v. *Schiff*, 109 N. Y. Supp. 51; *Servel* v. *Jamieson*, 255 Fed. Rep. 892; *State* v. *Nebraska State Bank*, 120 Neb. 539; *Morgan Paving Co.* v. *Carroll*, 211 Ala. 121; *Sutton* v. *Libby*, 201 S. W. Rep. 615; *Alexiou* v. *Bridgeport-People's Sav. Bank*, 110 Conn. 397; *Brown* v. *Huskamp*, 141 S. C. 121; *Sjoli* v. *Hogenson*, 19 N. D. 82; *Simons* v. *Douglas*, 189 Ky. 644; *National Sewer Pipe Co.* v. *Smith-Jaycox Lumber Co.*, 183 Iowa, 17; *Berg* v. *Federal Reserve Bank*, 55 N. D. 406; *Dutton* v. *Bennett*, 262 Mass. 39.) No error was committed in striking out the affirmative defenses relating to a demand for the payment of the deposits contained in the answers. (*Sokoloff* v. *National City Bank*, 239 N. Y. 158; 250 N. Y. 69; *Sickles* v. *Herold*, 149 N. Y. 332; *Delahunty* v. *Central Nat. Bank*, 37 App. Div. 434; *Richard* v. *National City Bank*, 231 App. Div. 559; *Shattuck* v. *Guardian Trust Co.*, 125 App. Div. 431.)

*Per Curiam.* December 27, 1917, the day upon which the Soviet government issued decrees against all banks in

Russia, plaintiff had a deposit payable on demand in defendant's branch at Moscow. The contract between this debtor and creditor was there to be performed. Confiscation of defendant's property did not become immediately effective but liquidation at once began. There is no evidence that deposits in this bank were confiscated prior to June 2, 1920, and no evidence that between these dates those in control of political affairs in Russia would have refused defendant the right to comply with a demand by plaintiff if one had been made. Defendant concedes that on June 2, 1920, its ability to honor a demand ceased. Its books show that during that interval it paid more than 6,000,000 rubles to its depositors of which more than a million and a half was paid to clients abroad. The only demand ever made by plaintiff is the constructive one growing out of the institution of this action on December 15, 1923. If plaintiff refrained from making demand in the hope that the dollar value of the ruble would increase, it was disappointed. Neither on June 2, 1920, the date of the constructive breach, nor on December 15, 1923, the date of the beginning of this action, did its deposit amount to more than nominal value. (*Dougherty* v. *Equitable Life Assur. Society*, decided herewith, 266 N. Y. 71.)

The judgment of the Appellate Division and that of the Trial Term should, therefore, be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.